UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY GUTIERREZ, | Case No. CV 20-10678-JWH (JPR) |
| Petitioner, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| WARDEN, | |
| Respondent. | |

**BACKGROUND**

On November 4, 2020, Petitioner, who is housed at the U.S. Penitentiary at Lompoc, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 in the Southern District of California, which transferred it here on November 23. In 2007, he was convicted in the Southern District of Texas of one count each of conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana and conspiracy to commit money laundering, and he was sentenced to an aggregate prison term of 360 months. See United States v. Gutierrez, 292 F. App'x 412, 414-15 (per curiam) (5th Cir.

1

2008); (see also Pet. at 1, 11).[1] Petitioner appealed, arguing among other things that his Sixth Amendment right to counsel was violated because a prosecution witness was represented by an attorney who had briefly represented him and that his trial counsel was ineffective for failing to object to that arrangement. Gutierrez, 292 F. App'x at 417. The Fifth Circuit Court of Appeals affirmed his convictions and sentence. Id.

On February 16, 2010, Petitioner filed pro se a § 2255 motion in the district of conviction, repeating his Sixth Amendment arguments; it was denied on February 10, 2011. United States v. Gutierrez, Cr. No. C-06-380 (4), 2011 WL 649970, at *1 (S.D. Tex. Feb. 10, 2011), aff'd, 548 F. App'x 181 (5th Cir. 2013). He then filed an addendum to his § 2255 motion, raising additional claims that were denied on the merits in two separate decisions. See United States v. Gutierrez, No. C-06-380-4, 2011 WL 13334116, at *2 (S.D. Tex. Apr. 14, 2011); United States v. Gutierrez, No. C-06-380-4, 2011 WL 13334117, at *1 (S.D. Tex. July 5, 2011), aff'd, 548 F. App'x at 181. The district court subsequently denied as successive § 2255 motions his requests for it to reconsider his claims. United States v. Gutierrez, No. 2:06-CR-380-4, 2014 WL 12872397, at *1 (S.D. Tex. Sept. 30, 2014); United States v. Gutierrez, No. 2:06-CR-380-4, 2014 WL 12872398, at *2 (S.D. Tex. Nov. 10, 2014). On December 6, 2013, the Fifth Circuit affirmed the denial of his § 2255 motion, finding that he had "not shown a violation of his Sixth

---

[1] For documents that are not consecutively paginated, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

Amendment right to the effective assistance of counsel." Gutierrez, 548 F. App'x at 184.

On December 13, 2019, Petitioner sought authorization from the Fifth Circuit under § 2255(h) to file a second or successive motion, raising his claim that newly discovered evidence — affidavits from his coconspirators recanting their testimony and exculpating him — proved his innocence and "prosecutorial misconduct." Mot. at 8-12, In re Gutierrez, No. 19-41028 (5th Cir. Dec. 13, 2019). On March 11, 2020, he filed through counsel a supplemental brief in support of his application. Suppl. Br. at 7-21, id. On March 31, 2020, the Fifth Circuit denied his application, finding that the newly discovered evidence "fail[ed] to establish by clear and convincing evidence that, viewed in light of the record as a whole, including the extensive evidence presented at [his] trial, no reasonable juror would vote to convict [him]." Order at 2, id. It also found that to the extent Petitioner sought to raise a "freestanding actual innocence claim," none existed. Id. And even if "an actual innocence claim can serve as a gateway to raise successive claims without satisfying the requirements of § 2255(h)(1)," Petitioner's newly discovered evidence failed to show that it was "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 3 (citing Schlup v. Delo, 513 U.S. 298, 327-29 (1995)).

## DISCUSSION

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through § 2255. Tripati v. Henman, 843 F.2d 1160,

1162 (9th Cir. 1988).  Prisoners may file only one § 2255 motion, and only within certain strict time limits.  <u>See</u> § 2255(f), (h).  Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  § 2255(e).  To qualify under that clause, a petitioner must claim he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier.  <u>Harrison v. Ollison</u>, 519 F.3d 952, 959 (9th Cir. 2008).  The ban on unauthorized successive § 2255 motions does not by itself render § 2255 inadequate or ineffective.  <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th Cir. 2006).  When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion."  <u>Marrero v. Ives</u>, 682 F.3d 1190, 1194 (9th Cir. 2012).

Petitioner claims that his judgment should be vacated because "newly obtained evidence" — the sworn statements from his coconspirators — establishes that he was "absolutely innocent."  (Pet. at 6; <u>see</u> <u>id.</u> at 13-20.)  He also argues that the new evidence shows that the prosecution withheld exculpatory evidence and intimidated a witness into not testifying on his behalf.  (<u>Id.</u> at 6, 21-28.)  And he argues for the first time that his "post-conviction counsel" was ineffective for allegedly failing to contend both that his pretrial attorney was improperly permitted to later represent a prosecution witness

and that his trial counsel was ineffective for not objecting to that arrangement. (Id. at 7, 29-33.)

Because Petitioner is not challenging the manner in which his sentence is being executed but the legality of his judgment for "offenses he did not commit" (Pet. at 7; see id. at 2-3, 9), his § 2241 Petition is a disguised successive § 2255 motion. See Marrero, 682 F.3d at 1194. He does not qualify for § 2255(e)'s "savings clause" because he cannot show that he has not had an "unobstructed procedural shot" at raising any of the Petition's claims.

The Petition's claims mainly focus on his assertion that newly discovered evidence proves his actual innocence and prosecutorial misconduct. (See Pet. at 6, 13-28.) But even if he does possess new evidence that could not earlier have been discovered through the exercise of due diligence, § 2255 provides him a mechanism for seeking relief based on that evidence. See § 2255(h)(1) (allowing prisoner to seek leave to file second or successive § 2255 motion based on newly discovered evidence). Indeed, Petitioner used that procedure when he sought authorization from the Fifth Circuit to file a successive § 2255 motion raising his actual-innocence and prosecutorial-misconduct claims.

That the Fifth Circuit denied his motion because he failed to show that "no reasonable factfinder would have found [him] guilty of the offense" as required by § 2255(h)(1) does not render § 2255 inadequate or ineffective. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("[Section 2255's] remedy is not 'inadequate or ineffective' merely because § 2255's

gatekeeping provisions prevent the petitioner from filing a second or successive petition." (citation omitted)); Knight v. Rios, No. 1:09-cv-00823-AWI-JLT HC., 2010 WL 5200906, at *1-3 (E.D. Cal. Dec. 15, 2010) (denying motion for reconsideration under Federal Rule of Civil Procedure 60(b) because despite petitioner's "dogged assertion that he has not had an unobstructed procedural shot" at bringing claim, Fifth Circuit had considered and denied request to file second or successive § 2255 motion).

As for his ineffective-assistance claim, Petitioner does not argue that he has not had an unobstructed procedural shot at raising it. He appears to be contending that his appellate counsel, Irma Sanjines,[2] unconstitutionally failed to argue on direct appeal both that his pretrial counsel was improperly permitted to later represent a prosecution witness and that his trial counsel was ineffective for failing to object to that arrangement. For starters, it appears that Sanjines did raise those arguments on direct appeal, as did Petitioner in his initial § 2255 motion. See Gutierrez, 292 F. App'x at 417; Gutierrez, 2011 WL 649970, at *1. Beyond that, he did not argue Sanjines's effectiveness when he sought the Fifth Circuit's permission to file a second or successive § 2255 motion, see Mot. at 8-12, In re Gutierrez, No. 19-41028 & Suppl. Br. at 7-21, id., and he acknowledges that unlike the other claims in the

---

[2] Although Petitioner's claim refers to "post-conviction counsel" (Pet. at 7), Sanjines, the attorney whose performance he assails (see id. at 30), represented him only on direct appeal (see id. at 75); Gutierrez, 292 F. App'x at 414. Petitioner was not represented by counsel when he filed his first § 2255 motion. See Gutierrez, 2011 WL 649970, at *1.

Petition, he has not presented it "in all appeals that were available to [him]" (Pet. at 7). Further, he doesn't explain why he didn't challenge Sanjines's performance in his initial § 2255 motion or in any of his other attempts to upend his convictions, all of which were filed after she represented him.

In sum, Petitioner has not shown that § 2255 is inadequate or ineffective as a means of providing him relief, and his § 2241 Petition is nothing but a disguised § 2255 motion. It is not only impermissibly successive without authorization but was filed in the wrong court as well. See § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Stephens, 464 F.3d at 897 ("A § 2255 motion must be filed in the district where the defendant was sentenced."); see also § 2255(h) (noting that § 2244(b)'s rule governing successive petitions applies to federal prisoners).[3] As to his claims stemming from the newly obtained evidence, the Fifth Circuit has already denied his application to file a successive § 2255 motion raising them; as to his claim about Sanjines's ineffectiveness, he must first obtain the Fifth Circuit's permission to raise it in a successive § 2255 motion to the sentencing court.

---

[3] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

1    IT THEREFORE IS ORDERED that Petitioner's Petition is
2  dismissed without prejudice to its refiling should he obtain the
3  necessary permission from the Fifth Circuit and that Judgment be
4  entered dismissing this action.[4]

6  DATED: February 4, 2021

   JOHN W. HOLCOMB
   U.S. DISTRICT JUDGE

---

[4] On December 15, 2020, Petitioner requested appointment of counsel, asserting that he is "ill-equipped to represent himself." (Mot. at 1.) Because this Court lacks jurisdiction over Petitioner's disguised § 2255 motion, it also lacks jurisdiction over his appointment-of-counsel request. See Chelberg v. FBOP Director, No. 3:19-cv-0748-BTM, 2019 WL 4934198, at *3 (S.D. Cal. Oct. 7, 2019).

8